UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NAVJOT SINGH,

Petitioner,

v.

TONYA ANDREWS, et al.,

Respondents.

No.  1:26-cv-01224-DAD-JDP

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 2)

On February 11, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release.  (Doc. No. 2.)  On February 12, 2026, the court set a briefing schedule for petitioner's motion for temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in this court's recent decisions in *Rocha Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025), where the court concluded that due process required a pre-detention hearing to protect the petitioner's liberty interest in his continued release following his parole pursuant to 8 U.S.C. § 1182(d), and *Singh v. Albarran*, No.

1

1:25-cv-01821-DAD-SCR, 2025 WL 3640678 (E.D. Cal. Dec. 16, 2025), where the court concluded that because the petitioner had previously been paroled, he could not be re-detained pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii). (Doc. No. 4.)

On February 17, 2026, respondents filed an opposition to petitioner's motion for temporary restraining order. (Doc. No. 8.) Respondents concede therein that, "there are no significant factual or legal issues in this case that materially distinguish it from this Court's prior decisions" listed in its February 12, 2026, minute order. (*Id*. at 1.) Respondents also state that they do not oppose converting the motion for temporary restraining order to a motion for preliminary injunction. (*Id*.) Moreover, respondents state that they are amenable to the court ruling on the underlying merits of the habeas petition based on the briefing before the court. (*Id*.) Still, respondents oppose petitioner's motion, citing the recent decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). (*Id.*) The court has recently explained why it finds the reasoning of the majority in *Buenrostro-Mendez* to be unpersuasive. *See Iskandar Wasef v. Chestnut, et al.*, 1:26-cv-01078-DAD-JDP, 2026 WL 392389 (Feb. 12, 2026). The court incorporates that same reasoning here.

In support of his petition for writ of habeas corpus and motion for temporary restraining order, petitioner alleges the following.

Petitioner entered the United States on November 27, 2024, was detained shortly thereafter by the Department of Homeland Security ("DHS"), and was released on interim parole after a brief period of time in custody. (Doc. No. 1 at ¶ 16.) On October 17, 2025, petitioner was re-detained by Immigration and Customs Enforcement ("ICE") without notice or any allegation of noncompliance with the terms of his parole, or an individualized determination that his detention was necessary. (*Id*. at ¶ 21.)

Because respondents have conceded that this case is not substantively distinct from the court's prior orders in *Rocha Chavarria* and *Singh*, the court incorporates and adopts the reasoning set forth in those orders and finds that petitioner's continued detention violates due process.

/////

For the reasons explained above,

1.   Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a.   Respondents are ORDERED to immediately release petitioner from respondents' custody on the same conditions he was subject to immediately prior to his re-detention on October 17, 2025;

   b.   Petitioner's request for Equal Access to Justice Act fees and costs is DENIED without prejudice to a properly filed motion.

2.   Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot in light of this order; and

3.   The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **February 18, 2026**                    _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE